# (October 26, 1972)

■ Harry E. Underwood, Sr., et al., Respondents, v. State of New York, Appellant. (Claim No. 51017.) — Judgment unanimously affirmed, with costs. Memorandum: On this appeal from a judgment awarding damages for the appropriation of a strip of land approximately one foot by 290 feet the State challenges only that portion of the award that represents consequential damages. The area originally owned by claimants was located between Interstate Route 81 and New York Route 281, immediately south of the point where the off ramp of Route 81 joined the State highway. Prior to the appropriation it had frontage on Route 281 beginning at the ramp; after the appropriation

it was separated from the highway by the one-foot appropriated strip which extended south from the junction of the ramp for a distance of 290 feet. About a year and a half prior to the taking claimants leased about two acres nearest the intersection to an oil company for use as a restaurant and service station. When the lessee was subsequently advised by the New York State Department of Transportation that, in accordance with a new policy " to control the access at the ramps of all controlled-access expressways for a distance of 300 feet along the connecting highway ", no driveway access permit would be issued for the construction of driveways within 300 feet of the off ramp, the lease was amended to substitute an area fronting on Route 281 but 290 feet south from the intersection. The following year the State appropriated the one-foot strip. In this action claimants sought consequential damages to that portion of their property which had lost its frontage along Route 281 in consequence of the appropriation and which is now accessible from the off ramp only by traveling south 750 feet on the highway along the appropriated strip and the leased parcel, then east 180 feet along the south edge of the leased premises, then north 460 feet to the enclosed area. This route of access was characterized by claimants' expert as unsuitable to the premises' highest and best use before the appropriation — i.e., some commercial purpose which caters to the traveling public such as a motel, restaurant or gift shop — resulting in a change in highest and best use to limited commercial development, such as trailer sales, which is less intensive than the use which existed prior to appropriation. The State's expert agreed that the remaining access was not suitable for a gas station or roadside restaurant. Having determined the factual issue of suitability in favor of claimants, the trial court properly awarded consequential damages (*Priestly* v. *State of New York*, 23 N Y 2d 152, 155, 156; *Slepian* v. *State of New York*, 34 A D 2d 880; *Lundquist* v. *State of New York*, 33 A D 2d 950). We reject, as did the trial court, the State's argument that nothing was lost to the remaining property by the appropriation, since the Department of Transportation had already prohibited driveways from claimants' premises to Route 281 at the location taken. To accept this position would be to give an appropriating effect to a department edict for which no compensation was paid. The State's lack of faith in its own contention is demonstrated by the fact that it did appropriate the one-foot strip, thereby effectively barring any direct passage from claimants' property to the highway. As the trial court said to the State's counsel: " Why did the State make the appropriation then? You seem to assume that they [claimants] had no right to have access to this property anyway. Why did the State make the appropriation then? " The argument that claimants should have moved the leased premises further down Route 281 at the time the lease was renegotiated, thereby retaining a point of access nearer the end of the appropriated strip, is without merit. There was undisputed testimony by the agent who negotiated the lease for the oil company that, had the area been moved further down the road, there would have been no lease. (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ.